# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS SUCCESSOR IN INTEREST TO JP MORGAN CHASE BANK, N.A., AS TRUSTEE FOR STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2006-AR6, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-AR6,

  Plaintiff,

v.

TRAMONTO VILLAGGIO HOMEOWNERS ASSOCIATION; DAISY TRUST; and ALESSI & KOENIG, LLC,

  Defendants.

Case No.: 2:16-cv-01897-KJD-GWF

**ORDER**

  Presently before the Court for consideration is Defendant Daisy Trust's ("Daisy") Motion to Dismiss (#14). Plaintiff The Bank f New York Mellon f/k/a The Bank of New York Mellon as Successor in Interest to JP Morgan Chase Bank, N.A. as Trustee for Structured Asset Mortgage Investments II Trust 2006-AR6, Mortgage Pass-Through Certificates, Series 2006-AR6 ("BoNY") filed a response in opposition (#16) to which Daisy replied (#17).

**I. Facts**

The present action involves a dispute over real property located at 9576 Trattoria Street, Las Vegas, Nevada 89178 ("the Property"). Vahag Stepanyan ("Stepanyan") purchased the Property on or about October 26, 2005. Stepanyan financed the purchase with a $4629,250.00 loan, secured by a deed of trust dated June 21, 2006. The deed of trust was assigned to BoNY on March 8, 2010 via an assignment of deed of trust recorded with the Clark County Recorder.

On November 16, 2010 Tramonto Villaggio Homeowners Association ("Tramonto"), through its agent Alessi & Koenig, LLC ("Alessi"), recorded a notice of delinquent assessment lien for $664.22. On February 16, 2011, Tramonto, through its agent Alessi, recorded a notice of default and election to sell for the amount of $1,871.76 as of January 11, 2011.

On or about January 18, 2011 BAC Home Loans Servicing, LP ("BAC"), predecessor-in-interest to BoNY, requested a ledger from Tramonto, through it agent Alessi, identifying the super-priority amount owed to Tramonto. Tramonto provided a ledger identifying the total amount allegedly owed, dated January 10, 2011. BAC calculated an amount of nine months assessment and tendered $432.00 to Tramonto, via Alessi, on February 11, 2011.

On August 11, 2011, Alessi recorded a notice of trustee's sale against the property on behalf of Tramonto. The notice stated the amount due was $3,370.03 including reasonably estimated costs, expenses, and advances. Tramonto, via Alessi, recorded a second notice of trustee's sale on August 21, 2012. The notice states the amount due was $3,645.03, including reasonably estimated costs, expenses, and advances. On September 25, 2012 a foreclosure deed in favor of Daisy[1] was recorded reflecting that Tramonto had sold the property for $9,000.

BoNY filed its complaint against Tramonto, Alessi, and Daisy on August 10, 2016. In the complaint BoNY asserted claims of (1) quiet title, (2) breach of NRS 116.1113, (3) wrongful foreclosure, and (4) injunctive relief.

---

[1] The Court will presume Defendant meant Daisy Trust instead of the unnamed party Saticoy Bay in its motion to dismiss (#14 pg. 2).

## II. Legal Standard

### A. Motion to Dismiss

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter to 'state a claim for relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (citation omitted).

In Iqbal, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions or mere recitals of the elements of a cause of action, supported only by conclusory statements, are not entitled to the assumption of truth. Id. at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. Id. at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. Id. at 678.

Further, where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not show[n]—that the pleader is entitled to relief." Id. at 679 (internal quotation marks omitted). Thus, when the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. Twombly, 550 U.S. at 570. Moreover, "[a]ll allegations of material fact in the complaint are taken as true and construed

in the light most favorable to the non-moving party." In re StacElecs. Sec. Litig., 89 F.3d 1399, 1403 (9th Circ. 1996) (citation omitted).

**III. Analysis**

    **A. Quiet Title**

Under Nevada law, "[a]n action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010. "A plea to quiet title does not require any particular elements, but each party must plead and prove his or her own claim to the property in question and a plaintiff's right to relief therefore depends on superiority of title." Chapman v. Deutsche Bank Nat'l Trust Co., 302 P.3d 1103, 1106 (Nev. 2013) (citations and internal quotation marks omitted). Therefore, for the plaintiff to succeed on its quiet title action, it needs to show that its claim to the property is superior to all others. See also Breliant v. Preferred Equities Corp., 918 P.2d 314, 318 (Nev. 1996) ("In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself.").

Here, Plaintiff alleges that the foreclosure by Tramonto, via Alessi, is void and therefore did not extinguish BoNY's senior deed of trust. In the alternative, Plaintiff seeks this court to declare that title is subject to the senior deed of trust. Accepting the facts of the complaint as true, BoNY made an offer to tender the super-priority amount of the lien. BoNY claims its due process protections were violated when it was not provided notice that the tender did not redeem the deed of trust. BoNY further argues that because the foreclosure bid was commercially unreasonable the sale of the property did not extinguish the senior did of trust, or voided the foreclosure sale. Finally, BoNY claims that because the super-priority amount of the lien had been paid, Daisy should have known of the senior deed of trust and is therefore not a bona fide purchaser.

Taking the well plead facts of the complaint as true and plausible, the Court could finds that Plaintiff has stated a claim upon which relief could be granted. Accordingly, the Court denies Defendant's motion to dismiss.

**III. Conclusion**

Accordingly, **IT IS HEREBY ORDERED** that Defendant Daisy Trust's Motion to Dismiss (#14) is **DENIED.**

DATED this __15__ day of September 2017.

                                                         _____
                                                         Kent J. Dawson
                                                         United States District Judge